UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| v. | ) ) | Criminal No. 08-10197-LTS |
| ELVIS EMIT GUERRERO, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

November 9, 2015

SOROKIN, J.

Elvis Emit Guerrero, an inmate at Moshannon Valley Correctional Institution in Philipsburg, Pennsylvania, has filed a motion to vacate pursuant to 28 U.S.C. § 2255. Doc. No. 176.[1] Asserting that his trial counsel was ineffective on three grounds and his appellate counsel on one, Guerrero challenges his federal convictions for conspiracy to distribute cocaine, attempted possession with intent to distribute cocaine, and aiding and abetting. Because Guerrero cannot establish that either counsel was ineffective, his motion is DENIED.

I.   BACKGROUND

Pursuant to a Drug Enforcement Administration sting operation, Guerrero and three others were arrested on May 29, 2008 and charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, attempted possession with the intent to distribute cocaine in

---

[1] Citations are to documents that are part of the docket and viewable via the Court's electronic filing system. Where page numbers are cited, references are to the numbering placed at the top of each page by the electronic filing system.

1

violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. Doc. No. 14. That same day, Magistrate Judge Judith G. Dein appointed counsel to represent Guerrero. Doc. No. 5.

On July 21, 2008, all four defendants were arraigned and pleaded not guilty to all charges. Electronic Clerk's Notes on July 21, 2008. As discovery progressed, however, Guerrero's three codefendants accepted plea offers. See Doc. No. 54 at 4. Only Guerrero proceeded to trial. Id.

The trial began on June 18, 2012. Electronic Clerk's Notes on June 18, 2012. At trial, Guerrero testified in his defense, denying involvement in the alleged drug-dealing conspiracy. On June 21, 2012, the jury convicted Guerrero of all three charges against him. Doc. No. 110. Guerrero addressed the court at his December 5, 2012 sentencing hearing and maintained his innocence. Doc. No. 154 at 20-21. He received a 78-month sentence. Id.

On December 21, 2012, Guerrero appealed his conviction to the United States Court of Appeals for the First Circuit. Doc. No. 143. After filing the appeal on Guerrero's behalf, trial counsel withdrew. See Doc. No. 147, 172. The Court of Appeals affirmed his conviction on May 30, 2014. Doc. No. 169.

On October 3, 2014, Guerrero filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. No. 176. In his motion, he alleges that both trial counsel and appellate counsel provided him with constitutionally ineffective assistance. Id. Specifically, he claims that trial counsel: (1) failed to convey an existing plea offer; (2) failed to inform him of the consequences of going to trial; and (3) failed to seek a plea deal.[2] Id. Guerrero also asserts

---

[2] As it must, the Court construes the pro se pleading liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Thus, although Guerrero's first contention against his trial counsel is for not "seek[ing] a plea agreement," Guerrero expressly asserts in his brief as allegation one his claim that a plea deal existed, but that trial counsel failed to timely convey it to him. Doc. No. 176 at 10, 14. To reconcile this difference,

that appellate counsel was ineffective for raising frivolous issues on appeal instead of ineffectiveness of trial counsel.[3]  Id.

On October 16, 2014, in response to a motion by the government, this Court ordered Guerrero to supplement his § 2255 motion with the relevant communications between himself and his trial counsel, and waive his attorney-client privilege with respect to those communications.  Doc. No. 179.  This Court also ordered trial counsel to file an affidavit responding to Guerrero's allegations.  Id.

Guerrero filed an affidavit on November 3, 2014, in which he avers that trial counsel failed to inform him of the consequences of going to trial.  Doc. No. 182 ¶ 3.  Guerrero also claims that he informed his counsel multiple times that he would like to plead guilty, but that his counsel was intent on going to trial and would not seek a plea offer.  Id. ¶¶ 4-6.  Finally, Guerrero maintains that his attorney never explained the implications of going to trial versus pleading guilty and that Guerrero never agreed to go to trial.  Id. ¶¶ 3-5.  In sum, the affidavit implies, and his brief directly states, Doc. No. 176 at 10, that had Guerrero been fully informed of the risks of going to trial, he would have pled guilty.  See generally Doc. No. 182.

Trial counsel filed his affidavit on November 19, 2014, and he avers that after verifying Guerrero's immigration status as a resident alien of Dominican Republic citizenship, he "explained to [Guerrero] the potential impact that conviction on the charges against him would likely have on his ability to remain in this country."  Doc. No. 183 ¶ 3.  Trial counsel claims that at all times during the case, Guerrero maintained his innocence, and testified in court to that

---

and to prevent redundancy, the Court interprets Guerrero's first claim as alleging failure to timely convey an existing plea offer, and Guerrero's fourth claim, that "trial counsel failed to seek [an] option" rather than go to trial, as trial counsel's failure to affirmatively seek a plea deal.  Id. at 10.

[3] The Court notes that Guerrero did not include any support for this contention in his brief.  See generally Doc. No. 176.

effect. Id. ¶¶ 4-5. Trial counsel also states that he unsuccessfully spoke to the prosecutor to seek a possible case resolution which would not place Guerrero in jeopardy of deportation. Id. ¶ 6. Finally, trial counsel avers that he continued discussions with Guerrero as the reality of trial grew more corporeal, but that three hurdles prevented any other course of action: (1) Guerrero's continued insistence on his innocence; (2) Guerrero's aversion to a prison sentence, which was likely on a guilty plea; and (3) Guerrero's likely deportation arising from a guilty plea. Id. ¶¶ 8-10.

On November 26, 2014, the government opposed Guerrero's § 2255 motion. Doc. No. 184. In its opposition, the government corroborates trial counsel's account and writes that, "[d]uring the course of litigation, defense counsel spoke with the government on numerous occasions regarding the possibility of resolving the case short of trial." Id. at 6. Further, it confirms that no plea deal existed because the government was unwilling to concede on the issues of incarceration and deportation. Id. at 6-7.

Guerrero now seeks an evidentiary hearing to determine (1) whether trial counsel appropriately advised Guerrero of his true sentencing exposure at trial; (2) whether Guerrero would have pled guilty, had he been so advised; (3) whether the government did or would have extended a plea offer of less than 78 months, and; (4) whether the Court would have accepted the plea agreement that was or would have been provided. Doc. No. 176 at 9-10.

II.     LEGAL FRAMEWORK

Prisoners serving federal sentences "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if: 1) "the sentence was imposed in violation of the Constitution or laws of the United States"; 2) "the court was without jurisdiction to impose such sentence"; 3) "the sentence was in excess of the maximum authorized by law"; or 4) the sentence

"is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "In seeking to collaterally attack their convictions under section 2255, defendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). In assessing whether a defendant has met this burden, the court generally must accept his factual averments as true, "but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). It is well settled that pro se filings must be "liberally construed . . . [and] a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94.

    The defendant also bears the burden of establishing he is entitled to an evidentiary hearing or discovery. McGill, 11 F.3d at 225; Rule 6 fol. 28 U.S.C. § 2255. An evidentiary hearing is not required where the motion "is inadequate on its face," nor where a facially adequate motion "is conclusively refuted as to the alleged facts" by the record before the court. McGill, 11 F.3d at 225 (internal quotations and citations omitted).

    "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Thus, to establish counsel ineffectiveness, a defendant must prove that (1) "counsel's performance was deficient . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense . . . that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

5

"Under the first prong of Strickland, there is a 'strong presumption' that counsel's strategy and tactics fall 'within the range of reasonable professional assistance,' and courts should avoid second-guessing counsel's performance with the use of hindsight. Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (quoting Strickland, 466 U.S. at 689). Under the second prong, only errors that undermine confidence in the outcome of the trial are sufficient to establish prejudice. Id. Establishing either prong is a "highly demanding" and "heavy burden." Id. (quoting Williams v. Taylor, 529 U.S. 362, 393 (2000)). A defendant's failure to satisfy either element of the test is sufficient to defeat a § 2255 motion. Id. (citing Strickland, 466 U.S. at 697).

III.   DISCUSSION

To prevail in his § 2255 motion, Guerrero must show both that counsel's representation fell outside the range of reasonable and acceptable practices, and that this failure gave rise to prejudice. See id. Guerrero is unable to meet this heavy burden for any of his claims.

Guerrero's first claim is that trial counsel failed to convey an existing plea offer. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 132 S.Ct. 1399, 1408 (2012). Nevertheless, Guerrero has provided no evidence that any formal offer was ever made. The government expressly writes in its opposition that "the government never fashioned a plea offer for the defendant." Doc. No. 184 at 6. This is consistent with trial counsel's recollection. Doc. No. 183 ¶ 6. Moreover, both trial counsel and the government explained why there was no offer: the parties could not reach agreement on the issues of incarceration and deportation. Id.; Doc. No. 184 at 6-7. Even Guerrero, in his affidavit, avers that he spoke to the government and was told that "there was no offer presented in [his] case."

Doc. No. 182 ¶ 7.  Absent a showing that a formal offer was extended by the government, but not conveyed by counsel to Guerrero, there is no basis on which to grant relief under Guerrero's first contention.

Guerrero's second claim is that trial counsel failed to inform him of the consequences of going to trial, or put another way, failed to inform him of his sentencing exposure.  Even if Guerrero could show that trial counsel was errant in this respect, he has not shown prejudice.  To establish prejudice in the guilty plea context, a defendant must prove that he would have pled guilty, but for counsel's ineffective assistance.  Fisher v. United States, 638 F. Supp. 2d 129, 142-143 (D. Mass. 2009); see United States v. Merlino, No. 99-10098, 2015 U.S. Dist. LEXIS 75713, at *5 (D. Mass. June 11, 2015) (citing Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012)).  The cursory suggestion in his brief that he would have opted for a plea is belied by his conduct throughout the proceedings in his case.  The record is clear that Guerrero maintained his innocence throughout the entire proceeding.  At his trial, he testified he did not know he was a member of a group that was buying cocaine.  Doc. No. 130 at 24.  During cross-examination, he maintained his innocence and asserted that he was merely doing a favor for a friend and was simply in the wrong place at the wrong time.  Id. at 85. At sentencing, he addressed the court to say that "I know from the bottom of my heart that I didn't commit this crime. . . . My family is suffering for something I didn't do."  Doc. No. 154 at 21.  Further, on April 22, 2013, while in prison awaiting a decision in his appeal, Guerrero wrote a letter to the trial court reiterating that "only the Lord knows how innocent I am."  Doc. No. 152.  Finally, the Court notes that Guerrero has not retracted his proclamations of innocence in his motion or brief; against this backdrop, Guerrero cannot now credibly claim that he would have pled guilty had he only a better attorney.  See Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003), *cert. denied*, 540 U.S. 1199

(2004) ("A defendant who maintains his innocence at all stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."). Thus, Guerrero fails to satisfy the heavy burden of showing error that undermined confidence in the outcome of his case. See Knight, 447 F.3d at 15. His second claim, therefore, also fails.

Guerrero's third contention is that trial counsel failed to seek a plea offer. Whether or not trial counsel had a duty to affirmatively seek out a plea offer,[4] the record shows that he did affirmatively seek one. Trial counsel states in his affidavit, and the government corroborates in its opposition, that both parties met on numerous occasions to discuss the potential for a plea deal. Doc. No. 183, at ¶ 6; see Doc. No. 184, at 6-7 (stating that on multiple occasions, trial counsel "initiated conservations regarding the possibility of a plea for the defendant"). Both also agree that any prospective plea could not surmount three obstacles: Guerrero's assertion of innocence, the near certainty of incarceration following any deal, and the additional possibility of deportation. Doc. No. 183, at ¶ 6; Doc. No. 184, at 6-7. The existence of these hurdles is consistent with the record and Guerrero's testimony during his trial and sentencing, and they

---

[4] The weight of the authority suggests that counsel only has a duty to initiate plea negotiations when not doing so would be an indefensible trial strategy. See, e.g., United States v. Pender, 514 F. App'x 359, 361 (4th Cir. 2013) (finding that if "there was no reasoned strategy to [the] attorney's decision not to pursue a plea bargain. . . [that] would have satisfied the first Strickland prong and shown that his attorney's actions were unreasonable."); Newman v. Vasbinder, 259 F. App'x 851, 854 (6th Cir. 2008) (finding that although "adequate representation by a criminal defense attorney entails exploring possible plea negotiations and deals," counsel's assistance was not ineffective where counsel "did not seek a plea agreement that she reasonably believed the prosecutor would reject, and that could not be reconciled with her client's version of the facts of the offense"); Hutchinson v. Ponte, No. 1:12-cv-00321-JAW, 2013 U.S. Dist. LEXIS 25410, at *17-18 (D. Me. Jan. 11, 2013) (affirming state post-conviction court's determination that failure of counsel to actively pursue plea negotiations did not constitute ineffective assistance).

reasonably explain why the plea negotiations were fruitless.  See Doc. No. 130 at 24, 85; Doc. No. 154 at 10, 21.

Moreover, Guerrero proffers no evidence to support his contention that trial counsel never sought a plea deal.  At most, his affidavit establishes that no formal offer was conveyed to him, and that he was unaware of his trial counsel's efforts to negotiate a plea on his behalf. See Doc. No. 182 ¶ 7. Such allegations are insufficient to support a claim of counsel ineffectiveness. See Gavaria v. United States, No. 06-12142-MLW, 2010 U.S. Dist. LEXIS 13541, at *13 (D. Mass. Feb. 15, 2010) ("Since petitioner presents only a conclusory allegation, and the allegation is once again contradicted by the record, the court does not accept the allegation as true and no evidentiary hearing is necessary.").

Guerrero's last claim is that appellate counsel was ineffective for not raising ineffective assistance of trial counsel.  The resolution of Guerrero's first three claims is dispositive of his challenge to appellate counsel's conduct. See Soto-Lara v. United States, 367 F. Supp. 2d 189, 192 (D. Mass. 2005) (finding that failure to raise a meritless claim does not constitute ineffective assistance of counsel).  Thus, Guerrero's final claim fails.

IV.     CONCLUSION

Accordingly, Guerrero is not entitled to relief under § 2255, and his motion to vacate under § 2255 is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
U.S. District Judge
